UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
POLARIS IMAGES CORPORATION,

                                   Plaintiff,

             -against-

CBS INTERACTIVE, INC.,

                               Defendant.
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/1/2019

19-CV-3670 (VEC)

<u>ORDER TO SHOW
CAUSE WHY
SANCTIONS SHOULD
NOT BE IMPOSED AND
DIRECTING FURTHER
ACTION</u>

VALERIE CAPRONI, United States District Judge:

On May 2, 2019, this Court entered an order (the "May 2 Order") referring this case to the District's Mediation Program. *See Polaris Images Corp. v. CBS Interactive, Inc.*, No. 19-CV-3670, Dkt. 6. The May 2 Order unambiguously directed Plaintiff "to file proof of service no more than three days after service [had] been effected" and to produce to Defendant royalty information "by the earlier of 1) 14 days after service of process or 2) three business days in advance of any mediation session." *Id.* Plaintiff's counsel, Richard Liebowitz, did not file an affidavit of service until July 18, 2019. *See id.*, Dkt. 7. The affidavit indicated that service had been effected months earlier, on April 30, 2019. *Id.* Additionally, as of July 30, 2019, Mr. Liebowitz had not produced the required royalty information to Defendant. *See id.*, Dkt. 10.

This is not Mr. Liebowitz's first brush with noncompliance. On May 22, 2019, in an unrelated case, the undersigned ordered Mr. Liebowitz to pay a civil sanction of $500 to the Clerk of Court, pursuant to Fed. R. Civ. P. 16(f)(1)(C), but the Court suspended imposition of the sanction for 18 months on the condition that Mr. Liebowitz "fully and timely compl[y] with all orders issued by the undersigned during that time." *Dvir v. Dancing Astronaut, Inc.*, No. 18-CV-9416, Dkt. 31, at 1.

Fewer than three weeks later, in another case, the undersigned ordered Mr. Liebowitz to show cause why the $500 sanction should not be immediately imposed in light of his failure to submit pre-conference materials that the Court had ordered. *See Walsh v. Nylon Media, Inc.*, No. 19-CV-3036, Dkt. 10.  On June 20, 2019, the Court entered an order stating that it would not make the $500 sanction immediately payable but, again, warning Mr. Liebowitz against dilatory conduct in the future. *See id.*, Dkt. 14.  The Court kept the 18-month stay of the sanction in place. *See id.*

The pattern continues. On July 11, 2019, in yet another case, the undersigned ordered Mr. Liebowitz to show cause why he should not be sanctioned for filing an affidavit of service four months after the Court-ordered deadline and for failing to take any steps to prosecute his case. *See Pereira v. Source Digital, Inc.*, No. 19-CV-1820, Dkt. 23.  Mr. Liebowitz responded, asserting that his deficiency was the result of an "administrative oversight." *Id.*, Dkt. 25.  The Court has not yet ruled in that case whether sanctions are warranted.

If only the story ended there. On July 10, 2019, Judge Furman of this District entered a lengthy opinion sanctioning Mr. Liebowitz and his law firm $8,745.50. *See Rice v. NBCUniversal Media, LLC*, No. 19-CV-447, 2019 WL 3000808 (S.D.N.Y. July 10, 2019). Judge Furman observed that "Richard Liebowitz has earned the dubious distinction of being a regular target of sanctions-related motions and orders.  Indeed, it is no exaggeration to say that there is a growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone." *Id.* at *1 (collecting cases).

In the present case, *Polaris Images Corp. v. CBS Interactive, Inc.*, Mr. Liebowitz offers two excuses for his misconduct. First, he asserts that he did not produce the royalty information because Defendant did not file a notice of appearance in the case until July 30, 2019.

*See Polaris*, Dkt. 11.  This excuse is unavailing.  It is precisely the same excuse that Mr. Liebowitz offered to the undersigned in *Walsh v. Nylon Media, Inc.*, No. 19-CV-3036, discussed above.  In an order in that case dated June 20, 2019, the undersigned made utterly clear to Mr. Liebowitz:

> Before now, it appeared elementary to this Court that if a defendant fails to appear before a scheduled conference or joint-submissions deadline, it is incumbent on plaintiff's counsel to apply for an adjournment of the conference or deadline rather than ignore it altogether.  To the extent, however, that Mr. Liebowitz was ignorant of that principle, let him now be enlightened:  <u>if a defendant fails to appear before a scheduled conference or submissions deadline, Mr. Liebowitz must apply for an adjournment of the conference or deadline before the deadline and at least forty-eight hours before the conference.</u>  No amount of sophistry will excuse further failures to adhere to this principle.

*Walsh*, Dkt. 14 (emphasis added).  In light of this order, Mr. Liebowitz's excuse is unconvincing.

Second, Mr. Liebowitz asserts that he made a "good faith" effort to comply with the May 2 Order, as he filed his affidavit of service in *Polaris* shortly after the undersigned admonished him for failing to do so in *Pereira*, No. 19-CV-1820 (also discussed above).  The order in *Pereira*, however, was entered on July 11, 2019.  *See Pereira*, Dkt. 23.  Mr. Liebowitz offers no excuse for waiting 19 days after the *Pereira* order to file proof of service in *Polaris*—particularly when the May 2 Order in *Polaris* required him to do so within 3 days of service of process.

Further, to the extent that Mr. Liebowitz intends to rely on his purported "good faith" efforts to comply with the May 2 Order, he is reminded—as Judge Furman reminded him—that "[i]n deciding whether a sanction is merited [under Rule 16(f)], the court need not find that the party acted in bad faith."  *Rice*, 2019 WL 3000808, at *3 (quoting *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018)).  And, in any event, given that the undersigned has

squarely rejected each of Mr. Liebowitz's excuses in prior cases, the Court has ample evidence that Mr. Liebowitz has acted willfully and in bad faith in this case.

In light of the foregoing, and in light of Mr. Liebowitz's failure to comply with the Court's May 2 Order in this case, *Polaris Images Corp. v. CBS Interactive, Inc.*, No. 19-CV-3670, Dkt. 6, **IT IS HEREBY ORDERED THAT:**

1. No later than **August 8, 2019**, Mr. Liebowitz must show cause why the $500 sanction that is currently held in abeyance should not be immediately imposed. Mr. Liebowitz must also show cause why, in addition to that $500 sanction, he should not be sanctioned pursuant to Fed. R. Civ. P. 16(f), 28 U.S.C. § 1927, and/or the inherent power of this Court for failing to comply with the May 2 Order and for all of the other reasons stated above. Sanctions may include, but may not be limited to, an additional monetary penalty and may be imposed, without limitation, on Plaintiff, Mr. Liebowitz personally, and/or Mr. Liebowitz's law firm.

2. No later than **August 5, 2019**, Plaintiff must produce to Defendant the royalty materials specified in the May 2 Order. No later than **August 9, 2019**, the parties must contact the Mediation Office to commence the mediation process.

3. Mr. Liebowitz is warned that further failure to comply with any orders of the undersigned, in any case, and/or failure to participate in Mediation promptly, in good faith, and in full compliance with this District's Local Rules (in particular, Local Civil Rule 83.9) and with this Court's Individual Practices in Civil Cases may result in additional sanctions being imposed.

**SO ORDERED.**

Date:  **August 1, 2019**  
       **New York, NY**

_____  
**VALERIE CAPRONI**  
**United States District Judge**