UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POLARIS IMAGES CORPORATION,<br><br>                  Plaintiff,<br><br>- against -<br><br>CBS INTERACTIVE, INC.<br><br>                  Defendant. | Docket No. 1:19-cv-03670-VEC<br><br>**DECLARATION OF<br>RICHARD P. LIEBOWITZ** |

    I, RICHARD P. LIEBOWITZ, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

    1.    I am lead counsel for plaintiff Polaris Images Corporation ("Plaintiff") and am duly admitted to practice law in this District and in the State of New York.

    2.    I submit this declaration in response to the Court's order to show cause, dated August 1, 2019 [Dkt. #12].

    3.    With respect to Defendant's claims that Plaintiff has "violated" the Court's order by not producing licensing documents or taking steps to initiate mediation, the Court should take notice that defense counsel did _not_ file a Notice of Appearance in this case until today, July 30, 2019 [Dkt. #12].

    4.    The Court's Mediation Referral Order, as we understand it, requires that a defendant make an appearance in the case and manifest an intent to defend the action before mediation can take place. We regard licensing information as confidential and have never produced documents to a corporate defendant that has failed to make an appearance through

counsel. Moreover, it would be counter-productive to initiate a mediation session when the defendant has yet to appear.

5. With respect to proof of service, while we admit that the proof of service was filed untimely, we did file the certificate in this case after the Court notified this office in another unrelated matter that proof of service was untimely. Accordingly, we have made a good faith attempt to comply "across the board" with the Court's mediation referral order and will continue to do so in the future.

6. It is the law of this Circuit that attorneys should not be subjected to monetary sanctions on account of administrative errors or mistakes. *See In re Sutter*, 543 F.2d 1030, 1035 (2d Cir. 1976) ("we agree that attorneys should not be disciplined by financial reprisal for conduct attributable to mistake, inadvertence or error of judgment").

7. Further, the Court's inherent power to sanction attorneys is limited to circumstances where there is clear and convincing evidence that an attorney acted in bad faith. *See, e.g., Schlaifer Nance & Co.,* 194 F.3d at 338 (court's sanctions under inherent powers doctrine require highly specific finding of bad faith); *Milltex Indus. Corp. v. Jacquard Lace Co.,* 55 F.3d 34, 41 (2d Cir. 1995) (reversing sanction imposed on attorney because there was insufficient evidence of bad faith); *United States v. International Bhd. of Teamsters,* 948 F.2d 1338, 1345 (2d Cir.1991) (sanctions under inherent powers require finding of bad faith); *Oliveri v. Thompson, 803 F.2d 1265, 1272* (2d Cir. 1986) (same).

8. Here, there is no evidence that I acted in bad faith by failing to file a proof of service. As explained above, the noted deficiency was due to administrative oversight. Furthermore, there was no way for me to produce documents to a party that has failed to make a notice of appearance in the case.

9. Based on the foregoing, we respectfully request that the Court decline to issue monetary sanctions in this matter (or any other matter).

Dated: August 8, 2019
Valley Stream, New York

Respectfully Submitted:

**/richardliebowitz/**
By: Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Counsel for Plaintiff*