USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/09/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
POLARIS IMAGES CORPORATION, :
:
                      Plaintiff, :
: 19-CV-3670 (VEC)
            -against- :
: OPINION AND ORDER
:
CBS INTERACTIVE, INC., :
:
                      Defendant. :
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

       On August 1, 2019, this Court entered an order (the "August 1 Order") directing counsel for Plaintiff, Richard Liebowitz, Esq., to show cause why sanctions should not be imposed on him for failing to comply with this Court's May 2, 2019 order (the "May 2 Order). *See Polaris Images Corp. v. CBS Interactive, Inc.,* No. 19-CV-3670, Dkt. 12. The August 1 Order also directed Mr. Liebowitz to show cause why the $500 sanction stemming from a different case, that is currently being held in abeyance, should not be immediately imposed. *Id.* Mr. Liebowitz responded to the Court's August 1 Order with a declaration. *See* Dkt 13. Having considered his declaration, the Court finds that Mr. Liebowitz has failed to provide adequate or convincing reasons for his failure to comply with the two explicit and simple directions contained in the May 2 Order. In addition, the undersigned finds that Mr. Liebowitz has neglected to provide any reason whatsoever why the currently suspended $500 sanction in *Dvir v. Dancing Astronaut, Inc.*, No. 18-CV-9416, Dkt. 31, should not also be imposed. Therefore, as authorized by Fed. R. Civ. P. 16(f)(1)(C), the Court orders Mr. Liebowitz to pay a civil sanction to the Clerk of Court of $1,500.

**I.     Factual Background**

This case involves claims under the Copyright Act, 17 U.S.C. § 101 et seq.  See *Polaris Images Corp. v. CBS Interactive, Inc.*, No. 19-CV-3670, Dkt. 1.  Plaintiff Polaris Images Corporation ("Polaris") alleges that Defendant CBS Interactive Inc. ("CBSi") engaged in an unauthorized reproduction and public display of a copyrighted photograph of Susan Cox Powell, in violation of Section 501 of the Copyright Act.  *Id.*

On May 2, 2019, the undersigned issued an order referring the case to the Mediation Office for settlement purposes under Local Civil Rule 83.9.[1]  *See id.*, Dkt. 6.  The May 2 Order unambiguously required Plaintiff "to file proof of service no more than three days after service [had] been effected" and to produce to Defendant, "by the earlier of 1) 14 days after service of process or 2) three business days in advance of any mediation session," royalty and licensing information regarding the photograph.  *Id.*

Despite the simplicity and clarity of the May 2 Order, Plaintiff's counsel, Mr. Liebowitz, failed to comply with both directions.  First, although service was effected on April 30, 2019, Mr. Liebowitz did not file an affidavit of service until July 18, 2019.  *See id.,* Dkt. 7.  Second, as of July 30, 2019, Mr. Liebowitz had not produced the required royalty information to Defendant.  *See id.,* Dkt. 10.

On August 1, 2019, in light of Mr. Liebowitz's failure to comply with the May 2 Order, the undersigned ordered Mr. Liebowitz to show cause why sanctions should not be imposed on him.  *See id.,* Dkt. 12.  The undersigned also ordered Mr. Liebowitz to show cause why the suspended $500 sanction in the *Dvir* case should not be imposed as well.  *Id.*

---

[1]     On September 20, 2019, the Final Report from the court-ordered mediation indicated that mediation was not held, as parties represented that they reached a settlement on all issues.  See *Polaris Images Corp. v. CBS Interactive, Inc.*, No. 19-CV-3670, Dkt. 15.

2

II. **Analysis**

Federal Rule of Civil Procedure 16(f)(1)(C) allows a district court, on motion or *sua sponte*, to impose sanctions on an attorney who "fails to obey a scheduling or other pretrial order." The Rule's "'explicit reference to sanctions' reflects the Rule's intention to 'encourage forceful judicial management'" and "vests a district court with 'discretion to impose whichever sanction it feels is appropriate under the circumstances.'" *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018) (quoting Advisory Committee's notes to 1983 amendment of Fed R. Civ. P. 16(f)). A district court's decision to impose sanctions under Rule 16(f) does not require a finding that the party acted in bad faith. *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018); *Rice v. NBCUniversal Media, LLC*, No. 19-CV-447, 2019 WL 3000808 at *3 (S.D.N.Y. July 10, 2019). A district court may impose sanctions under Rule 16(f) when there is "clear and convincing evidence that counsel disregarded a clear and unambiguous scheduling or other pretrial order." *Rice*, 2019 WL 3000808 at *3; *see also S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010); 6A Charles Alan Wright et al., Federal Practice and Procedure § 1531 (3d ed. 2010) ("the fact that a pretrial order was violated is sufficient to allow some sanction.").

The Court finds that a sanction under Rule 16(f)(1)(C) for Mr. Liebowitz's violations is appropriate. The Court's May 2 Order was clear and unambiguous. Mr. Liebowitz's declaration and perfunctory explanation in response to the Court's show-cause order is inadequate and wholly unconvincing.

First, Mr. Liebowitz asserts that he was unable to produce the licensing documents or take steps to initiate mediation, as directed in the May 2 Order, because defense counsel did not file a Notice of Appearance until July 30, 2019. *Polaris Images Corp. v. CBS Interactive, Inc.*,

3

No. 19-CV-3670, Dkt. 13 ¶ 3. This is the same excuse that Mr. Liebowitz previously offered in this case and which this Court has already rejected twice, once in a separate case before this Court and then again in the August 1 Order. *See Walsh v. Nylon Media, Inc.,* No. 19-CV-3036, Dkt. 14; *Polaris Images Corp. v. CBS Interactive, Inc.*, No. 19-CV-3670, Dkt. 12. In an order dated June 20, 2019 in *Walsh v. Nylon Media, Inc.,* No. 19-CV-3036, Dkt. 14, the undersigned reminded Mr. Liebowitz of the elementary principle that "if a defendant fails to appear before a scheduled conference or joint-submissions deadline, it is incumbent on plaintiff's counsel to apply for an adjournment of the conference or deadline rather than ignore it altogether." The undersigned warned Mr. Liebowitz that "no amount of sophistry [would] excuse further failures to adhere to this principle." *Id.* In its August 1 Order, the undersigned clearly reiterated this precise concept to Mr. Liebowitz. *Polaris,* Dkt. 12. As a result, the undersigned finds Mr. Liebowitz's continued reliance on the same unacceptable excuse in response to the Court's show-cause order to be close to contemptuous.

The May 2 Order was abundantly clear that the licensing information was to be produced by the earlier of 14 days after service of process or three business days in advance of mediation. *Polaris,* Dkt. 6. There is no conceivable reading of the May 2 Order that could result in Mr. Liebowitz believing he could simply ignore the deadline to produce the royalty information until the Defendant appeared, rather than seek an adjournment. If Mr. Liebowitz believed the royalty and licensing information was confidential and that he could not produce it until the Defendant made an appearance, he should have moved to adjourn the deadline to produce the documents.[2] Although no member of the bar of this Court should have to be reminded of this rudimentary

---

[2] The Court also notes that counsel for CBSi disputed Mr. Liebowitz's factual assertion that he has never provided licensing information before defense counsel has appeared. Dkt. 14. The Court need not resolve this factual dispute; regardless of Mr. Liebowitz's view of the propriety of providing licensing information prior to defense counsel filing a notice of appearance, the Court ordered him to do so.

4

procedure, Mr. Liebowitz was reminded of it on June 20, 2019, in the *Walsh* order; nevertheless, Mr. Liebowitz did not produce the required information and failed to request an adjournment of his time to do so.

Second, Mr. Liebowitz admits that "proof of service was filed untimely," despite the fact that the May 2 Order clearly required him to file the affidavit within 3 days of service of process. *Polaris*, Dkt. 13 ¶ 5, Dkt. 6. Mr. Liebowitz claims his conduct was due to "administrative oversight." *Polaris*, Dkt. 13 ¶ 8. This is not the first time that Mr. Liebowitz has attributed his failure to follow this Court's order to file proof of service within three days of service of process to "administrative oversight," nor is it the first time that this Court has found such an excuse to be inadequate and unpersuasive. *See Polaris,* Dkt. 12; *Dvir v. Dancing Astronaut, Inc.*, No. 18-CV-9416, Dkt. 31 (the undersigned rejected Mr. Liebowitz's excuse that his failure to file a revised proposed default judgment was the result of "administrative oversight."). Mr. Liebowitz argues that he should not be subjected to sanctions on account of "administrative errors," and that a district court's inherent power to sanction attorneys requires a showing of bad faith. *See Polaris,* Dkt. 13 ¶¶ 6-7. First, the undersigned reminds Mr. Liebowitz that a Rule 16(f)(1)(C) sanction does not require a showing of "bad faith." *See Huebner*, 897 F.3d at 53. Second, given the frequency with which Mr. Liebowitz commits "administrative errors," the undersigned is unconvinced that they are indeed good faith oversights. Mr. Liebowitz also inexplicably defends his failure to file proof of service timely by declaring that he ultimately did file the certificate "after the Court notified this office in another unrelated matter [*Pereira v. Source Digital, Inc.*, No. 19-CV-1820] that proof of service was untimely." *See Polaris,* Dkt. 13 ¶ 5. This attempted justification not only offers no legitimate explanation for his initial failure to comply with the May 2 Order, but also highlights Mr. Liebowitz's continual disregard for this Court's orders in

multiple other cases. Furthermore, the order in *Pereira* admonishing Mr. Liebowitz for failing to timely file the affidavit of service in that case was entered on July 11, 2019. *See Pereira*, Dkt. 23. Mr. Liebowitz offers no explanation for why he waited 19 days after the *Pereira* order to file proof of service in *Polaris*.

Third, Mr. Liebowitz offers no reason why the undersigned should not impose the $500 sanction that is currently held in abeyance in connection with his failure to comply with a court order in *Dvir v. Dancing Astronaut, Inc.*, No. 18-CV-9416. Mr. Liebowitz's failure even to address the suspended $500 sanction, despite the August 1 Order's explicit direction to do so, is itself yet another violation of an order of this Court.

**III.     Conclusion**

For the reasons set forth above, the Court finds that Mr. Liebowitz failed to show cause why he should not be sanctioned pursuant to Fed. R. Civ. P. 16(f). As a result, the Court ORDERS Mr. Liebowitz to pay a civil sanction to the Clerk of Court of **$1,000** for his failure to comply with the May 2 Order.[3] In addition, the **$500** sanction that is currently held in abeyance in *Dvir v. Dancing Astronaut, Inc.*, No. 18-CV-9416, is ordered to be paid immediately. Within **15 days of this Order**, Mr. Liebowitz must pay a total **civil sanction to the Clerk of Court of $1,500;** he must file proof of payment of $1,000 in 19-CV-3670 and proof of payment of $500 in 18-CV-9416.

In addition, because the parties notified the Mediator on September 20, 2019, that they have reached a settlement resolving all issues, it is further ORDERED that this case is

---

[3]     Mr. Liebowitz is cautioned that future failure to comply with the requirements contained in this Court's Mediation Referral Orders to file proof of service within three days of effecting service of process and to provide the defendant with royalty information not later than the earlier of 14 days after service of process or three business days in advance of any scheduled mediation session will not be tolerated.

6

DISMISSED with prejudice.  The Clerk of Court is respectfully directed to terminate all pending motions and deadlines and to CLOSE the case.

Within **30 days** of this order, the parties may apply to reopen this case.  Any such application must show good cause for holding the case open in light of the parties' settlement and must be filed within **30 days**.  Any request filed after 30 days or without a showing of good cause may be denied solely on that basis.

Additionally, if the parties wish for the Court to retain jurisdiction to enforce their settlement agreement, they must submit **within the same 30-day period**:  (1) their settlement agreement to the Court in accordance with Rule 6.A of the Court's Individual Practices and (2) a request that the Court issue an order expressly retaining jurisdiction to enforce the settlement agreement.  *See Hendrickson v. United States*, 791 F.3d 354 (2d Cir. 2015).

**SO ORDERED.**

Date:  October 9, 2019
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**